UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

| | |
|---|---|
| MARVIN SANCHEZ, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. |
| Plaintiff, | COMPLAINT |
| -against- | |
| TMG MAIL SOLUTIONS, INC. d/b/a THE MILLENNIUM GROUP, and JOANNA RAMIREZ, | |
| Defendants. | |

-------------------------------------------------------------------------------X

Plaintiff Marvin Sanchez, individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, TMG Mail Solutions, Inc. d/b/a The Millennium Group ("TMG") and Joanna Ramirez (together, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"); the New York Labor Laws §§ 190 *et seq*. and 650 *et seq*. ("NYLL"); and any other cause of action which can be inferred from the facts herein.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.



4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9. TMG is a domestic corporation with its principal place of business located in 41 Mercedes Way, Brentwood, New York 11717 and/or 200 Circle Drive North, Piscataway, New Jersey 08854.

10. Ramirez is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times, Ramirez was and still is an owner and/or person in control of TMG, who exercised significant control over TMG's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

12. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

13. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

14. At all relevant times, Defendants were responsible for compensating Plaintiff.

15. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

16. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of the minimum required to fall within the jurisdiction of the FLSA.

17. Defendants operate in interstate commerce.

18. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20. The FLSA Collective Plaintiffs consist of no less than eighty (80) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

21. While employed with Defendants, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA.

22. However, despite routinely working more than forty (40) hours per week, Plaintiff and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half times

their regular hourly rates of pay or the applicable minimum wage rates, whichever is greater, for the hours they worked in excess of forty (40) per week.

23. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

25. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

26. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**IV. Rule 23 Class Allegations**

27. Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action under the NYLL on behalf of himself and all similarly situated employees who were employed by Defendants since the date six (6) years prior to the filing of the Complaint (the "Class Period") pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23.

28. All said persons are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of

Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

29. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts from which to calculate that number are presently within the sole control of Defendants, upon information and belief, there are no less than eighty (80) members in the Class.

30. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages; failing to pay minimum wages; failing to pay spread of hour wages; failing to timely pay wages; failing to provide payroll notices; and failing to provide wage statements. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

31. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests adverse to the Class. Plaintiff is represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation, and have many times previously represented plaintiffs in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy --- particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants.

33. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

34. Because the losses, injuries, and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

35. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

36. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b. Whether Defendants failed to pay Plaintiff and the Class overtime compensation for all hours worked in excess of forty (40) hours per week;

c. Whether Defendants failed to pay Plaintiff and the Class the statutory minimum wage for all hours worked;

d. Whether Defendants failed to pay Plaintiff and the Class spread of hour wages on days in which Plaintiff and the Class worked a spread of hours that exceeded ten (10) hours;

e. Whether Defendants unlawfully failed to timely pay Plaintiff and the Class their earned wages, in violation of NYLL § 191(1)(a)(i);

f. Whether Defendants unlawfully failed to provide Plaintiff and the Class with payroll notices at the start of their employment, or at any point thereafter, in violation of NYLL § 195(1);

g. Whether Defendants unlawfully failed to provide Plaintiff and the Class, with each wage payment, a statement listing their rates of pay and basis thereof and anything otherwise required by NYLL § 195(3);

h. Whether Plaintiff and the Class are entitled to damages, and if so, the means of measuring such damages;

i. Whether Plaintiff and the Class are entitled to attorneys' fees and costs; and

j. Whether Defendants are liable for liquidated damages.

## V. Factual Allegations

38. Plaintiff worked for Defendants as an operator from in or around January 2020 until on or around April 8, 2022.

39. Plaintiff's primary job duties were to operate the machines in the warehouse, prepare and distribute contents of packages, and make sure that the merchandise was in good condition for shipping.

40. Throughout his employment, Plaintiff regularly worked five (5) days per week, as follows: Mondays through Fridays from approximately 5:00 a.m. until approximately 5:00 p.m., for a total of approximately sixty (60) hours worked per week.

41. In addition to the aforementioned work hours, Plaintiff was also required to work on Saturdays and Sundays twice per month, from approximately 5:00 a.m. until approximately 5:00 p.m., for a total of approximately eighty-four (84) hours worked per week when Plaintiff was required to work on Saturdays and Sundays.

42. Plaintiff was afforded a fifteen (15) minute meal or rest break during his shifts.

43. Throughout Plaintiff's employment, Defendants tracked the hours Plaintiff worked through an application named Paycom.

44. From in or around January 2020 until in or around December 2020, Plaintiff's hourly rate was $14.00.

45. Accordingly, during the foregoing period, Plaintiff was owed $560.00 for the first forty (40) hours Plaintiff worked per week, plus $420.00 in overtime wages when he worked approximately sixty (60) hours per week, and $924.00 in overtime wages when he worked approximately eighty-four (84) hours per week. His weekly wages due were therefore $980.00 in

the weeks he worked approximately sixty (60) hours and $1,484.00 in the weeks he worked approximately eighty-four (84) hours.

46. However, during the foregoing period, Defendants only paid Plaintiff a total of $400.00 to $500.00 per week when Plaintiff worked approximately sixty (60) hours per week; and a total of $700.00 to $800.00 per week when Plaintiff worked approximately eighty-four (84) hours per week ("Plaintiff's 2020 Wages").

47. From in or around January 2021 until in or around December 2021, Plaintiff's hourly rate was $15.00.

48. Accordingly, during the foregoing period, Plaintiff was owed $600.00 for the first forty (40) hours Plaintiff worked per week, plus $450.00 in overtime wages when he worked approximately sixty (60) hours per week and $990.00 in overtime wages when he worked approximately eighty-four (84) hours per week. His weekly wages due were therefore $1,050.00 in the weeks he worked approximately sixty (60) hours and $1,590.00 in the weeks he worked approximately eighty-four (84) hours.

49. However, during the foregoing period, Plaintiff's compensation remained the same as Plaintiff's 2020 Wages, namely $400.00 to $500.00 per week when Plaintiff worked approximately sixty (60) hours per week; and a total of $700.00 to $800.00 per week when Plaintiff worked approximately eighty-four (84) hours per week.

50. From in or around January 2022 until on or around April 8, 2022, Plaintiff's hourly rate was $16.00.

51. Accordingly, during the foregoing period, Plaintiff was owed $640.00 for the first forty (40) hours Plaintiff worked per week, plus $480.00 in overtime wages when he worked approximately sixty (60) hours per week and $1,056.00 in overtime wages when he worked

9

approximately eighty-four (84) hours per week. His weekly wages due were therefore $1,120.00 in the weeks he worked approximately sixty (60) hours and $1,696.00 in the weeks he worked approximately eighty-four (84) hours.

52. However, during the foregoing period, Plaintiff's compensation remained the same as Plaintiff's 2020 Wages, namely $400.00 to $500.00 per week when Plaintiff worked approximately sixty (60) hours per week; and a total of $700.00 to $800.00 per week when Plaintiff worked approximately eighty-four (84) hours per week.

53. At all relevant times, Plaintiff, the FLSA Collective Plaintiffs, and the Class were non-exempt employees under the FLSA and/or NYLL and were entitled to receive at least the minimum wage for all hours worked, spread of hours pay, and overtime compensation for all hours worked in excess of forty (40) per week.

54. Throughout their employment with Defendants, Plaintiff and the Class were not paid at least the minimum wage for all hours worked, nor an additional hour at the minimum wage on days in which Plaintiff and the Class worked a spread of hours that exceeded ten (10) hours.

55. Additionally, despite routinely working more than forty (40) hours per week, Plaintiff, the FLSA Collective Plaintiffs, and the Class were not paid overtime compensation of one and one-half times the minimum wage rate or their regular hourly rate of pay, whichever is higher, for all hours worked in excess of forty (40) per week.

56. Furthermore, Defendants failed to timely pay Plaintiffs and the Class their wages as required by NYLL § 191(1)(a)(i).

57. Defendants also failed to furnish to Plaintiff and the Class a payroll notice at the time of their hire, or at any time thereafter, containing Plaintiff's and the Class' rates of pay, the designated payday, or other information required by NYLL § 195(1).

58. Defendants further failed to furnish to Plaintiff and the Class, with each wage payment, an accurate statement listing Plaintiff's and the Class' regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

59. Defendants violated federal and state law by willfully failing to pay Plaintiff, the FLSA Collective Plaintiffs, and the Class overtime compensation, at least the minimum wage for all hours worked; and spread of hours wages for any day when their shifts exceed ten hours; by failing to timely pay Plaintiff and the Class their full wages every week; and by failing to provide Plaintiff and the Class with the required payroll notices and wage statements.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

60. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

61. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

62. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

63. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

64. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

65. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

66. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS**
*(Overtime Violations under the NYLL)*

67. Plaintiff repeats and realleges all prior allegations set forth above.

68. Pursuant to the applicable provisions of the NYLL, Plaintiff and the Class were entitled to overtime compensation of one and one-half times their regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

69. Plaintiff and the Class regularly worked in excess of forty (40) hours per week during their employment with Defendants.

70. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the Class overtime wages of one and one-half times their regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

71. As a result of Defendants' violations of the law and failure to pay Plaintiff and the Class the required overtime wages, Plaintiff and the Class have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

72. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the Class are entitled to liquidated damages.

73. Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Second Cause of Action in the amount of Plaintiff's and the Class' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS
(*Minimum Wages Violations under the NYLL*)

74. Plaintiff repeats and realleges all prior allegations set forth above.

75. Pursuant to the applicable provisions of the NYLL, Plaintiff and the Class were entitled to receive at least the statutory minimum wage for all hours worked.

76. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the Class at least the statutory minimum wage for all of the hours they worked.

77. As a result of Defendants' violations of the law and failure to pay Plaintiff and the Class the required minimum wages, Plaintiff and the Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

78. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff and the Class are entitled to liquidated damages.

79. Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Third Cause of Action in the amount of Plaintiff's and the Class' unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS
(*Spread of Hours Violations under the NYLL*)

80. Plaintiff repeats and realleges all prior allegations set forth above.

81. Plaintiff and the Class regularly worked shifts that spanned more than ten (10) hours per day.

82. Throughout the relevant time period, Defendants willfully failed to pay Plaintiff and the Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff and the Class worked more than ten (10) hours.

83. By failing to pay Plaintiff and the Class spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the Miscellaneous Industries and Occupations Wage Order, 12 N.Y.C.R.R. §§ 142-2.4.

84. Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's and the Class' unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS
*(Failure to Timely Pay Wages under the NYLL)*

85. Plaintiff repeats and realleges all prior allegations set forth above.

86. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff and the Class were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

87. During the relevant period, Defendants routinely failed to pay Plaintiff and the Class all of their earned wages in accordance with the agreed-upon terms of employment.

88. During the relevant period, Defendants failed to timely pay Plaintiff and the Class all of their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

89. Throughout the relevant period, Defendants failed to timely pay Plaintiff and the Class all overtime wages, minimum wages, and spread of hour wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

90. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff and the Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

91. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff and the Class are entitled to liquidated damages.

92. Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Fifth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS**
(*Failure to Provide Payroll Notices Under the NYLL*)

93. Plaintiff repeats and realleges all prior allegations.

94. Throughout the relevant time period, Defendants failed to furnish to Plaintiff and the Class a notice containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

95. As Defendants failed to provide Plaintiff and the Class with a payroll notice as required by NYLL § 195(1), Plaintiff and the Class are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

96. Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Sixth Cause of Action in the form of liquidated damages amounting to $50.00 per day in which the violation occurred, up to maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS**
(*Failure to Provide Wage Statements Under the NYLL*)

97. Plaintiff repeats and realleges all prior allegations.

98. Throughout the relevant time period, Defendants failed to furnish to Plaintiff and the Class, with each wage payment, a statement listing: the regular and overtime rates of pay; the number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

99. As Defendants failed to provide Plaintiff and the Class with wage statements as required by NYLL § 195(3), Plaintiff and the Class are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

100. Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Seventh Cause of Action in the form of liquidated damages amounting to $250.00 per day for every day in which the violation occurred, up to maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class, prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action behalf of Plaintiff and the Class for all overtime wages due to Plaintiff and the Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Plaintiff and the Class for all minimum wages due to Plaintiff and the Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action on behalf of Plaintiff and the Class for all spread of hours wages due to Plaintiff and the Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action on behalf of Plaintiff and the Class for all wages due Plaintiff and the Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action on behalf of Plaintiff and the Class for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action on behalf of Plaintiff and the Class for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

h) interest;

i) costs and disbursements; and

j) such other and further relief as is just and proper.

Dated: New York, New York
       March 31, 2023

KATZ MELINGER PLLC

*/s/Katherine Morales*
By: Katherine Morales, Esq.
370 Lexington Avenue, Suite 1512
New York, New York 10017
Tel: (212) 460-0047
Fax: (212)428-6811
kymorales@katzmelinger.com
*Attorneys for Plaintiff*