# KATZMELINGER

370 LEXINGTON AVENUE, SUITE 1512
NEW YORK, NEW YORK 10017
www.katzmelinger.com

Jonathan Trinidad Lira
Katz Melinger PLLC

t: 212.460.0047
f: 212.428.6811
jtrinidadlira@katzmelinger.com

April 30, 2024

**VIA ECF**
Honorable Dora L. Irizarry
Unites States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Sanchez v. TMG Mail Solutions, Inc. et al*
           **Civil Action No. 2:23-cv-02506-DLI-JMW**

Your Honor:

    We are counsel for the plaintiff, Marvin Sanchez, in this action and write jointly with counsel for the defendants to seek approval of the parties' agreement to settle Plaintiff's claims, which include claims for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"); failure to pay minimum and spread of hour wages under the NYLL; and for wage statement and payroll notice violations pursuant to NYLL §§ 195 (1) and (3).[1]

    The parties write to respectfully request that the Court approve the parties' settlement agreement, a copy of which is submitted herewith as **Exhibit A**, and allow the parties to discontinue the matter with prejudice pursuant to Fed. R. Civ. P. 41. As explained in further detail below, the parties respectfully aver that the proposed settlement agreement is fair, reasonable, and equitable.

    On April 30, 2024, the Court granted the parties' request to submit the herein motion for the Court's approval of the parties' settlement agreement and a stipulation of discontinuance by May 3, 2024. Pursuant to the parties' proposed settlement agreement, the parties will execute and file a stipulation of discontinuance upon the timely delivery of the settlement amounts to Plaintiff. However, since the proposed settlement agreement has not yet been reviewed and approved by the Court and the settlement amounts have not yet been delivered to Plaintiff, the parties are unable to submit a stipulation of discontinuance with this motion, but will do so immediately after receipt of the settlement amounts.

---

[1] On September 12, 2023, the parties stipulated that Plaintiff's failure to timely pay wages claim under NYLL § 191 is dismissed without prejudice. Dkt. No. 26.

FP 50498680.1

## Plaintiff's Claims

Plaintiff alleges that he was employed by defendants TMG Mail Solutions, Inc. d/b/a The Millennium Group ("TMG" or the "Company") and Dilian Ramirez s/h/a Joanna Ramirez (collectively, "Defendants") as an operator from in or around January 2020 until on or around April 8, 2022. Plaintiff alleges that he routinely worked five (5) days per week, Monday through Friday, for a total of approximately sixty (60) hours per week. However, Plaintiff alleges that twice per month he was required to work seven (7) days a week, for a total of approximately eighty-four (84) hours worked per week.

Plaintiff further alleges that Defendants paid him $14.00 per hour from the start of his employment until in or around December 2020; $15.00 per hour from in or around January 2021 until in or around December 2021; and $16.00 per hour from in or around January 2022 until on or around April 8, 2022. However, Plaintiff alleges that he did not receive the full amount of wages that he should have earned based on the hours he worked each week, including the appropriate overtime wages. Although Defendants tracked Plaintiff's work hours, Plaintiff contests the accuracy of said time records, particularly those that reflect less than forty (40) hours per week. Plaintiff alleges that he worked more than forty (40) hours every week during his employment with Defendants and that throughout his employment, he routinely complained about the time tracking application, claiming that it often did not accurately track the total hours he worked. Plaintiff further alleged that the time records unlawfully rounded his total hours worked each week.

As a result, Plaintiff alleges that Defendants violated the FLSA and NYLL by failing to pay Plaintiff overtime compensation for all of the hours he worked in excess of forty (40) per week. Additionally, based on the hours that Plaintiff alleges that he worked each week and the wages he received, Plaintiff's total weekly compensation occasionally fell below the applicable NYLL minimum wage rate. Defendants also failed to compensate Plaintiff with spread of hour's wages for each shift that exceeded more than ten (10) hours. Lastly, Defendants also failed to furnish to Plaintiff, at the start of his employment or at any time thereafter, a notice containing his actual rates of pay, regular pay days, and anything else required by NYLL § 195(1), and failed to provide Plaintiff, with each payment, accurate wage statements as required by NYLL § 195(3).

## Defendants' Defenses

Defendant TMG provides outsourced mail services, including mail, print, and office services. Defendant Ramirez is employed by TMG as a manager of the production floor.

Plaintiff worked for TMG as a sorter in Edgewood, New York from January 21, 2020, through April 12, 2022. He was paid at or above the applicable minimum wage rate throughout the duration of his employment:

| Year | NY Rate | Plaintiff's Pay |
|---|---|---|
| 2020 | $13.00 | $13.00 |
| 2021 | $14.00 | $14.00 |
| 2022 | $15.00 | $15.00, increase to $17.00 2/14/22 |

Plaintiff was required to punch-in before starting his workday and punch-out at the conclusion of his workday. Plaintiff and all other employees received a standard 30-minute unpaid lunch break. He did not clock out for the meal period. Rather, all the machines in the facility are shut down and everyone takes the same lunch break. The 30-minute lunch break time is automatically deducted in accordance with the policies and schedules that have been established within the TMG timekeeping system. These timekeeping practices are memorialized in the Employee Handbook, which Plaintiff acknowledged receipt of when he commenced his employment.

During his 2+ years of employment, Plaintiff was compensated $24,878 for 1,180 hours of overtime. A comprehensive review of TMG's records confirms that Plaintiff was properly paid minimum wage and overtime for all hours worked.

Plaintiff worked 170 shifts that exceeded 10 hours in length. Starting in June 2020, Plaintiff received spread of hours pay for all shifts over 10 hours. For the five months prior to June 2020, Plaintiff is owed, at most, approximately $1,200 in unpaid spread of hours pay.

Despite the significant overtime that Plaintiff was paid, Plaintiff claims that he was not paid for all overtime worked based on an allegation that he regularly worked 60 hours per week two weeks per month and 84 hours per week two weeks per month.

Plaintiff's contention that he regularly worked these excessive hours are not supported by the Company's time records. Moreover, Plaintiff has no records or any evidence to support this contention, or any explanation as to why he would not have been properly clocked in for the duration of all his working hours. Indeed, TMG's handbook – which Plaintiff acknowledged receipt of when he commenced his employment – makes clear that Plaintiff was required to: (1) accurately record his time worked by clocking in at the beginning of his shift and clocking out at the end of his shift; and (2) notify the Company in writing of any pay discrepancies, unrecorded, or incorrect work hours.

## Court Ordered Mediation

The parties participated in Court-annexed mediation on February 21, 2024 before mediator James A. Brown, where the parties agreed to settle Plaintiff's claims for one lump-sum payment of $18,000.00. The amount agreed upon reflects a mutual desire to reach an amicable resolution in this matter without additional litigation. As explained in further detail below, the parties respectfully aver that the proposed settlement agreement is fair, reasonable, and equitable.

## The Proposed Settlement Should Be Approved

1. The settlement amount is fair and reasonable.

The parties' proposed settlement agreement warrants approval as it is fair, reasonable, and equitable. Indeed, the agreement reflects a reasonable compromise of Plaintiff's FLSA and NYLL claims rather than a mere waiver of statutory rights brought about by Defendants' overreaching. Here, there is no doubt that the settlement did not come about because of overreaching by Defendants. To the contrary, Plaintiff is represented by competent counsel and the settlement was

reached after extensive negotiations between the parties. Moreover, the settlement amount, $18,000.00, results in a recovery to Plaintiff of $11,386.67, after expenses and proposed attorneys' fees. This sum is fair and reasonable given the amount of compensatory damages Plaintiff is seeking in this matter compared with the risk that Plaintiff would not be awarded all of the damages he seeks after a trial; given the early stage at which settlement was reached; the time and costs associated with continued litigation; the risk that Plaintiff would not be able to collect on a judgment even if Plaintiff prevailed at trial; and the fact that Plaintiff will receive the entire settlement amount in one lump sum payment, which is favorable to Plaintiff.

While the parties continue to express opposing views on the likely outcome of the case, Plaintiff and Defendants understand that the complex factual issues in this matter would likely require a trial, and that each party would expend significant time and costs to complete discovery and to prepare for trial. Furthermore, with the risk to Defendants of a substantial judgment against them; and the risk to Plaintiff of failing to prevail on all of his claims, the amount agreed to by the parties represents a fair and reasonable settlement at such an early stage of the litigation.

2. <u>The settlement agreement was the result of arm's length negotiations by the parties</u>

The proposed settlement is also the product of negotiation between parties represented by experienced wage-and-hour counsel following extensive settlement discussions. In fact, the parties participated in court-annexed mediation before mediator James A. Brown on February 21, 2024. Plaintiff and Defendants hold opposing views on the merit and value of Plaintiff's claims; however, the arm's length bargaining between the represented parties, along with the information exchanged as a result of pre-mediation discovery and during settlement negotiations, weighs in favor of finding the settlement reasonable. Moreover, nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct. Through limited discovery and candid discussions between counsel, the parties can assess the strengths and weaknesses of the asserted claims and their respective positions. *See, e.g.*, *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching'") (citation and internal quotation marks omitted); *Aponte v. Comprehensive Health Mgmt., Inc.,* 2013 U.S. Dist. LEXIS 47637, at *12 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement") (citation and internal quotation marks omitted). Furthermore, since Plaintiff is no longer employed by Defendants, coercion is unlikely. *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Cisneros v. Schnipper Rest. LLC,* 2014 U.S. Dist. LEXIS 2111, at *2-3 (S.D.N.Y. Jan. 8, 2014) ("Although the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here") (citation and internal quotation marks omitted).

Additionally, after weighing the factors, the settlement should be allowed to proceed, as: (i) Plaintiff's alleged injuries will not recur as Plaintiff is no longer employed by Defendants; (ii) Defendants explicitly deny any wrongdoing; and (iii) continuing to develop the record will only

serve to enlarge costs on both sides and will not serve any useful purpose. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d at 335-36.

3. <u>Plaintiff's counsels' fees are reasonable.</u>

Lastly, the parties agree that the settlement amount is a reasonable compromise of all parties' positions, and the proposed amount of attorneys' fees is also fair and reasonable as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by counsel on behalf of Plaintiff. *See Wolinsky,* 900 F. Supp. 2d at 336-37; *Cisek v Natl. Surface Cleaning, Inc.*, 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest and there was "no reason to conclude that plaintiffs' counsel benefited at the expense of their clients"). Thus, the settlement does not favor Plaintiff's counsel over Plaintiff.

Under the proposed agreement, Plaintiff's counsel would recover $920.00 as reimbursement for costs and expenses[2] and $5,693.33 in fees. Under Plaintiff's contingency fee agreement, Plaintiff's counsel is entitled to recover, out of Plaintiff's settlement amount, fees totaling one-third of any amounts recovered on behalf of Plaintiff after reimbursement of costs and expenses. This fee should be approved, as "[a]n award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases." *Flores v. Anjost Corp.,* 2014 U.S. Dist. LEXIS 11026, at *25 (S.D.N.Y. Jan. 28, 2014); *see also Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to Plaintiffs' retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). The proposed fee award of one-third should also be approved because it was consensual and agreed to by Plaintiff. *See Mireku v. Red Vision Sys., Inc.,* 2013 U.S. Dist. LEXIS 172102, at *9-10 (S.D.N.Y. Dec. 6, 2013) (approving settlement and noting the consensual nature of the fee arrangement).

As indicated by Plaintiff's counsel's time records, attached hereto as **Exhibit B**, Plaintiff's counsel has spent a total of 223.70 hours on this matter as follows: Kenneth Katz, 6.1 hours; Nicole Grunfeld, 8.5 hours; Katherine Morales, 93.2 hours; and Jonathan Trinidad-Lira, 115.9 hours. Plaintiff's counsels' hourly rates - $575.00, $525.00, $375.00, and $325.00, respectively – are reasonable based on their experience and are in line with the rates charged by attorneys in this district. *See Quispe v. Stone & Tile Inc.*, 2022 WL 960926, at *6 (E.D.N.Y. Feb. 1, 2022) (approving hourly rate of $500.00 for a solo practitioner with over 20 years of litigation experience); *see Vega v. K & C Interior Constr. Corp.*, 2018 WL 4376486, at *7 (E.D.N.Y. Aug. 28, 2018), *report and recommendation adopted*, No. 18-CV-182 (ARR), 2018 WL 4374911 (E.D.N.Y. Sept. 13, 2018) (noting that courts in the EDNY have awarded hourly rates up to $200 for recent graduates, $300 for associates, and $450 for partners) (citations omitted).

Mr. Katz is the founding member and managing partner of Katz Melinger PLLC, a boutique firm established in 2012. Mr. Katz earned his B.S. in 2000 from the State University of New York at Albany, and his J.D. in 2003 from Hofstra University School of Law, with an award

---

[2] Plaintiff's costs and expenses are as follows: $402.00 for the initial filing fee, $218.00 for service of process, and $300.00 for mediation costs.

recognizing his achievements in the employment law field. Mr. Katz was admitted to the Bar of the state of New York in 2004 and New Jersey in 2016, and his practice is focused primarily on litigation, with substantial experience handling wage and hour matters.

Ms. Grunfeld is a partner at Katz Melinger PLLC, where she has worked for more than nine years. She earned her B.A. in 1998 from Yale University, and her J.D. in 2004 from New York University School of Law. Ms. Grunfeld was admitted to practice in the courts of New York in 2005 and New Jersey in 2018, and has focused on Plaintiff's employment matters for more than fifteen years. She currently serves as Vice President of the Board of the New York chapter of the National Employment Lawyers' Association.

Ms. Morales is an associate at Katz Melinger PLLC. She earned her B.B.A. from Pace University in 2014 and her J.D. from Georgetown University Law Center in 2017; she was admitted to practice in New York in 2018 and New Jersey in 2020. Since joining the firm in 2017, Ms. Morales has focused her practice exclusively on employment law matters.

Mr. Trinidad-Lira is an associate at Katz Melinger PLLC, having earned his B.A. from Fordham University in 2019 and his J.D. from Seton Hall University School of Law in 2022. Mr. Trinidad Lira has focused his practice on employment law since joining the firm in August 2022. Mr. Trinidad Lira was admitted to practice in New Jersey in 2022 and to the New York Bar in 2023.

The $5,693.33 fee sought by Plaintiff's counsel is significantly less than Plaintiff's counsel's "lodestar" amount of $80,587.50 and is therefore reasonable. *See e.g. Hernandez v. Merrill Lynch & Co.*, 2013 U.S. Dist. LEXIS 42681, at *27-28 (S.D.N.Y. Mar. 21, 2013) (approving a 3.8 multiplier and collecting cases). As set forth herein, Plaintiff's counsel negotiated a highly favorable settlement for Plaintiff in a case where Defendants strongly contested Plaintiff's claims and asserted damages. Furthermore, the settlement amount will be paid to Plaintiff in one-lump sum payment following the Court's approval of the settlement agreement, which is highly favorable to Plaintiff. Moreover, by reaching a settlement with Defendants, Plaintiff avoids the risk of either receiving an unfavorable outcome in this matter or, if Plaintiff prevails in his claims, attempting to enforce a judgment against Defendants.

Accordingly, we respectfully request judicial approval of the parties' proposed settlement agreement, and further request permission to submit a stipulation of dismissal with prejudice consistent with the requirements of Fed. R. Civ. P. 41(1)(a)(ii).

Hon. Dora L. Irizarry<br>
April 30, 2024<br>
Page 7

Respectfully submitted,

| | |
|---|---|
| */s/Jonathan Trinidad-Lira* | */s/ David E. Strand* |
| Jonathan Trinidad-Lira, Esq. | David E. Strand |
| Katz Melinger PLLC | Fisher & Phillips LLP |
| 370 Lexington Avenue, Suite 1512 | 430 Mountain Ave., Suite 303 |
| New York, New York 10017 | Murray Hill, New Jersey 07974 |
| T: (212) 460-0047 | T:  (212) 899-9983 |
| F: (212) 428-6811 | F:  (212) 956-1971 |
| jtrinidadlira@katzmelinger.com | dstrand@fisherphillips.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |